FILED

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

2011 APR 21  A 11: 23

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| ENTERPRISE HOLDINGS, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1.11CV 431 |
| | ) | (LMB|TCB) |
| ENTERERISE.COM, | ) | |
| ENTERSPRISE.COM, | ) | |
| ENTERJPRISE.COM, | ) | |
| ENTERTRISE.COM , | ) | |
| ENTERRPISE.COM, | ) | |
| ENTERPRSIE.COM, | ) | |
| all Internet domain names, | ) | |
| **Defendants.** | ) | |
| | ) | |

## VERIFIED COMPLAINT FOR CYBERSQUATTING

Enterprise Holdings, Inc. ("Enterprise" or "Plaintiff" ) brings this complaint *in rem* under the provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), on the basis of *in rem* jurisdiction against the domain names entererise.com, entersprise.com, enterjprise.com, entertrise.com, enterrpise.com, and enterprsie.com (collectively as the "Domain Names at Issue").

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Enterprise is a Missouri corporation and has its principal place of business at 600 Corporate Park Drive St. Louis, Missouri 63105, United States of America.

2.      All of the Domain Names at Issue in this matter are owned by entities located in and around Mumbai, India, namely:

A.     Hemang Infrasructure Private Limited, Block N. 2. 3rd Floor, Abbas Manzil, Opp Cigarate [sic] Factory. Sahar Road, Andheri East, Mumbai, Maharashtra, 400099 India is the record owner of the domain names entererise.com, entersprise.com, and enterjprise.com.   Copies of the WHOIS records for the entererise.com, entersprise.com, and enterjprise.com domains are attached collectively as Exhibit 1.

B.     Cyber Domain Services Pvt. Ltd., Mumbai, Maharashtra, 40000, India is the record owner of the domain names entertrise.com and enterrpise.com.   Copies of WHOIS records for the entertrise.com and enterrpise.com domain names are attached as Exhibit 2.

C.     Rakshita Mercantile Private Limited, 11 Ministry Industrial Complex, MIDC, Crossroad A, Andheri East, Mumbai, Maharashtra, 400063, India is the registered owner of the domain name enterprsie.com.   Copies of the WHOIS record for the enterprsie.com domain is attached as Exhibit 3.

All of the domains are registered with a single Registrar, Directi Internet Solutions Pvt. Ltd., doing business as Public Domain Registry ("Direct Internet"), also located in Andheri (East), Mumbai, Maharashtra 400069 India.

3.     Hemang Infrasructure Private Limited  is a serial cybersquatter having been a Respondent in at least eight other proceedings under the Uniform Domain Name Dispute Resolution Policy involving twelve domain names and in each proceeding it was determined that the domain names owned by Hemang Infrasructure Private Limited were registered and used in bad faith and should be transferred to the Complainant.

2

4.      Cyber Domain Services Pvt. Ltd. is a serial cybersquatter having been a Respondent in at least four other proceedings under the Uniform Domain Name Dispute Resolution Policy involving five domain names and in each proceeding it was determined that the domain names owned by Cyber Domain Services Pvt. Ltd. were registered in bad faith and should be transferred to the Complainant.

5.      Rakshita Mercantile Private Limited is a serial cybersquatter having been a Respondent in at least eight other proceedings under the Uniform Domain Name Dispute Resolution Policy involving nine domain names and in each proceeding it was determined that the domain names owned by Rakshita Mercantile Private Limited were registered in bad faith and should be transferred to the Complainant.

6.      This action arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051 *et seq.* and this Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1331 and 1338.

7.      This Court has *in rem* jurisdiction over the Domain Names at Issue pursuant to 15 U.S.C. § 1225(d) because: (1) VeriSign, Inc., the domain name registry for each of the Domain Names at Issue, is located in the Eastern District of Virginia; (2) each of the Domain Names at Issue violates Enterprise's rights in marks registered in the United States Patent and Trademark Office; and (3) Enterprise is not able to obtain *in personam* jurisdiction over the persons who would have been defendants in a civil action under paragraph 1 of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1) because each of the record owners is located in India.

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) and 15 U.S.C. § 1125(d)(2) because the property, i.e., the Domain Names at Issue, are located in the Eastern

District of Virginia because VeriSign, Inc., maintains the domain name Registry for the Domains Names at Issue in the Eastern District of Virginia. Venue in this district is also proper pursuant to 28 U.S.C. § 1391 (d) because the record owners of the Domain Names at Issue are aliens.

9.      Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Plaintiff has sent to each of the record owners at the postal and email addresses provided to the Registrar, a notice of the alleged violation and intent to proceed under provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), on the basis of *in rem* jurisdiction against the domain names and Plaintiff will publish notice of the action as the Court may direct. Copies of the Notices sent to each of the domain name owners are attached as Exhibits 4 through 6.

10.      Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Plaintiff will provide notice and a filed, stamped copy of this complaint to the Registrar of all of the domains at issue, Directi Internet Solutions Pvt. Ltd. ("Directi"), and to VeriSign, Inc. as the operator of the Registry for the Domain Names at Issue.

## FACTS GIVING RISE TO THIS ACTION

11.      Enterprise, through its operating subsidiaries, has used the ENTERPRISE and ENTERPRISE RENT-A-CAR marks in the United States since 1969. Enterprise is one of the largest vehicle rental brands in the world and a recognized leader in the vehicle rental business with revenues in excess of $12 billion and in excess of 1 million vehicles in its fleet and over 7000 offices worldwide.

12.      Since at least as early as 1969 and long prior to the registration of the Domain Names at Issue, Enterprise, through its operating subsidiaries, has been engaged in the rental car

business under the ENTERPRISE mark and since at least as early as 1998, Enterprise has operated

an on-line rental car site at enterprise.com.

13.    Enterprise is the owner of the following registrations for the relevant marks in the

United States:

> Registration No. 1,343,167 issued June 18, 1985 for the mark ENTERPRISE in
> International Classes 35, 37, 39 and 42.

> Registration No. 2,190,147 issued September 22, 1998 for the mark E ENTERPRISE in
> International Classes 35, 37, 39 and 42

> Registration No. 2,458,529 issued June 5, 2001 for the mark ENTERPRISE.COM in
> International Class 39

Each of those registrations is valid and subsisting and under the provisions of 15 U.S.C. § 1115 is

conclusive evidence of the validity of the registered mark and of the registration of the mark, of

Enterprise's ownership of the mark, and of Enterprise's exclusive right to use the registered mark in

commerce on or in connection with the services covered by the registration.  Copies of print-outs

from the United States Patent and Trademark Office Trademark Application and Registration

Retrieval system showing the current status of each of these registrations is attached as Exhibits 7

through 10.

14.    Each of the Domain Names at Issue, entererise.com, entersprise.com,

enterjprise.com, entertrise.com, enterrpise.com, and enterprsie.com is comprised of a "typo" of the

ENTERPRISE mark and is confusingly similar to the federally registered and incontestable

ENTERPRISE mark.

15.    Because of their confusing similarity to the ENTERPRISE mark, the Domain

Names at Issue are being used to divert Internet users to websites unrelated to Enterprise.

16.     Each of the Domain Names at Issue resolves to a generic web site that features links to car rental and travel web sites unrelated to Enterprise that offer vehicle rental services from Enterprise's competitors. Copies of each of the web pages to which the Domain Names at Issue resolve are attached to this Complaint as Exhibits 11 through 16.

17.     Enterprise filed a Complaint under the Uniform Domain Name Dispute Resolution Policy ("UDRP") against the record owner of the domain names entererise.com, entersprise.com and enterjprise.com and the Panelist appointed by the National Arbitration Forum, the Honorable Carolyn Marks Johnson decided on October 12, 2010:

> "Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.
>
> Accordingly, it is Ordered that the **<entererise.com>, <entersprise.com>** and **<enterjprise.com>** domain names be **TRANSFERRED** from Respondent to Complainant."

A copy of the UDRP Panelist's decision is attached as Exhibit 17.

18.     The Registrar of the domain names entererise.com, entersprise.com and enterjprise.com, Direct Internet, claims to have subsequently received a copy of what purports to be a complaint filed against Enterprise by the record owner of those domain names in the High Court of Judicature at Bombay and Directi Internet has refused to implement the Panelist's decision. Enterprise has not been served with a summons or otherwise received service in connection with such purported lawsuit.

19.     Enterprise filed a Complaint under the UDRP against the record owner of the domain names entertrise.com and enterrpise.com and the Panelist appointed by the National Arbitration Forum, the Honorable Charles K. McCotter, Jr., decided on October 16, 2010:

"Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<entertrise.com>**, and **<enterrpise.com>** domain names be **TRANSFERRED** from Respondent to Complainant."

A copy of the UDRP Panelist's decision is attached as Exhibit 18.

20.     The Registrar of the domain names entertrise.com and enterrpise.com, Directi Internet, claims to have subsequently received a copy of what purports to be a complaint filed against Enterprise by the record owner of those domain names in the High Court of Judicature at Bombay and Directi Internet has refused to implement the Panelist's decision.  Enterprise has not been served with a summons or otherwise received service in connection with such purported lawsuit.

21.     Enterprise filed a Complaint under the UDRP against the record owner of the domain name enterprsie.com and the Panelist appointed by the National Arbitration Forum, the Honorable Charles K. McCotter, Jr., decided on October 16, 2010:

"Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<enterprsie.com>** domain names be **TRANSFERRED** from Respondent to Complainant."

A copy of the UDRP Panelist's decision is attached as Exhibit 19.

22.     The Registrar of the domain name enterprsie.com, Directi Internet, claims to have subsequently received a copy of what purports to be a complaint filed against Enterprise by the record owner of the enterprsie.com domain name in the High Court of Judicature at Bombay and Directi Internet has refused to implement the Panelist's decision.  Enterprise has not been served with a summons or otherwise received service in connection with such purported lawsuit.

7

## CAUSE OF ACTION

23.     Enterprise realleges and incorporates by reference each of the paragraphs above as though fully set forth here.

24.     Each of the Domain Names at Issue violates Enterprise's rights in the ENTERPRISE mark.

25.     Enterprise is not able to obtain *in personam* jurisdiction over the persons who would have been defendants in a civil action under paragraph 1 of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1), rendering the Domain Names at issue amenable to an in rem action under 15 U.S.C. § 1125(d)(1)

26.     Each of the Domain Names at Issue infringes Enterprise's trademark rights in its ENTERPRISE mark under 15 U.S.C. § 1125(d).

27.     The ENTERPRISE mark was distinctive at the time of registration and use of each of the Domain Names at Issue.

28.     Each of the Domain Names at Issue is confusingly similar to the ENTERPRISE mark.

29.     Each of the Domain Names at Issue was registered, trafficked in, or used with the bad faith intent to profit from the confusing similarity of those domain names to the ENTERPRISE mark.

30.     None of the record owners of the Domain Names at Issue has any trademark or intellectual property rights in the ENTERPRISE mark or the domain names for which it is the owner of record.

31.     None of the Domain Names at issue consist of the legal name of the entity listed as the legal owner of any of the Domain Names at Issue.

32.     None of the Domain Names at Issue consists of any name that is commonly used to identify the record owner of such domain name.

33.     None of the record owners of any of the Domain Names at Issue has made any prior use of any of the Domain Names at Issue in connection with a bona fide offering of goods or services or a legitimate noncommercial or fair use.

34.     Each of the Domain Names at Issue was registered without authorization from Enterprise and Enterprise has not licensed or otherwise permitted any of the record owners of the Domain Names at Issue to use its ENTERPRISE mark in connection with car rental services or any other goods or services or to apply for any domain name similar to the ENTERPRISE mark.

35.     The Domain Names at Issue were registered and used to divert consumers from Enterprise's web site to web sites accessible under those domain names, for the registrant/owner's commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of those web sites.

36.     The ENTERPRISE mark is famous within the meaning of 15 U.S.C. § 1125(c).

37.     The registration, use, or trafficking in the Domain Names at Issue constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

38.     By reason of the facts alleged in this Complaint, Enterprise's remedy at law is not adequate to compensate it for the injuries inflicted by and which continue to be inflicted by the registration, use, and trafficking in the Domain Names at Issue and Enterprise is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Enterprise respectfully requests judgment as follows:

A.     A declaration that each of the Domain Names at Issue are defendants *in rem*;

B.     A declaration that each of the Domain Names at Issue has violated Enterprise's rights in its ENTERPRISE mark under 15 U.S.C. § 1125(d);

C.     That the Court order VeriSign, Inc. to effectuate the transfer of each of the Domain Names at Issue to a Registrar of Enterprise's choosing and that the chosen Registrar transfer ownership of each of the Domain Names at Issue to Enterprise; and

D.     That Enterprise be awarded such other relief as may be appropriate.

Respectfully submitted,

HARNESS, DICKEY & PIERCE, P.L.C.

Dated:  April 21, 2011                          By:

Terry L. Clark
Virginia Bar No. 34640
11730 Plaza America Drive, Suite 600
Reston, Virginia 20190
Telephone:  703-668-8000
Facsimile:  703-668-8200
Email: tclark@hdp.com


Rudolph A. Telscher
7700 Bonhomme Ave., Suite 400
Clayton, MO 63105
P. 314.308.3990
F. 314.726.7501
rtelscher@hdp.com

Attorneys for Plaintiff Enterprise Holdings, Inc.

## **VERIFICATION**

Renee M. Reuter, under penalty of perjury of the laws of the United States declares:

That she is the Corporate Counsel – Intellectual Property, Office of the General Counsel of Enterprise Holdings, Inc., and directs Enterprise Holdings, Inc.'s trademark and domain name enforcement program; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent to which matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that she is informed that the facts stated therein are true and correct.

Executed this 20th day of April, 2011 in St. Louis, Missouri.

60808756.1

11